UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARINA ARROYAVE,

     Plaintiff,

v.                                                                      2:23-cv-1064-JLB-NPM

FIRST COMMUNITY INSURANCE COMPANY,

     Defendant.

---

## ORDER DENYING APPRAISAL

In this breach-of-insurance-contract case arising from property damage after Hurricane Ian, plaintiff Marina Arroyave moves to compel appraisal. Defendant First Community Insurance Company[1] issued Arroyave a Standard Flood Insurance Policy ("SFIP"). On September 29, 2022, Arroyave filed a claim under her SFIP with First Community. After consulting an adjuster, First Community determined that flood water did not enter the interior of Arroyave's building. Still, the adjuster recommended certain allowances, and First Community paid Arroyave $17,087.90. (Doc. 16).

Arroyave disputes this amount of coverage. She submitted her own building-repair estimate with damages totaling $65,789.80 (Doc. 16-7) and a mitigation

---

[1] First Community is a Write-Your-Own (WYO) Program Carrier participating in the federal government's National Flood Insurance Program.

estimate for $18,401.27. These estimates, however, include items that First Community found either not damaged by the flood or not damaged at all. In sum, the scope of loss is disputed. (Doc. 16).

SFIP coverage is governed by the National Flood Insurance Program ("NFIP"). The NFIP was established by Congress, through the National Flood Insurance Act, to make "flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." 42 U.S.C. § 4001(a). Claims are paid out of a National Flood Insurance Fund in the United States Treasury. *See* 42 U.S.C. § 4017(a). Thus, federal statutes, federal regulations, and federal common law govern disputes about the construction of terms in insurance policies issued under the Act. *See Newton v. Cap. Assur. Co.*, 245 F.3d 1306, 1309 (11th Cir. 2001). And "SFIPs should be interpreted in a fashion that ensures uniform interpretation throughout the country, avoiding state-to-state coverage variances." *Greer v. Owners Ins. Co.*, 434 F. Supp. 2d 1267, 1274 (N.D. Fla. 2006) (citing *Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 584 (11th Cir. 1997)).

The appraisal provision in the SFIP states: "If you and we fail to agree on the actual cash value or, if applicable, replacement cost of your damaged property to settle upon the amount of loss, then either may demand an appraisal of the loss." (Doc. 15 at 9); 44 C.F.R. Pt. 61, App. A(1). And given this particular language:

> The appraisal clause can only be invoked when the parties cannot agree as to the actual cash value, or, as defined by the policy, the parties cannot agree as to the replacement cost of an insured item of property. This language cannot be stretched to mean that appraisal can be invoked whenever the parties dispute which items of property were damaged or whether those items were in fact damaged by flood waters.

*Flaharty v. Allstate Ins. Co.*, No. 3:09-cv-499-RV-EMT, 2010 WL 148226, *2-3 (N.D. Fla. January 11, 2010) (quoting *De La Cruz v. Bankers Ins. Co.*, 237 F. Supp. 2d 1370, 1374 (S.D. Fla. 2002)). In other words, the appraisal provision in a federally regulated flood insurance policy can be invoked only when the parties dispute the valuation of a loss, and it cannot be invoked when there is a dispute about what was damaged by the covered peril.

At this stage of the proceeding, there is an unresolved issue about the scope of damaged items attributable to the flood. So, neither party may invoke the appraisal clause at this time. Accordingly, Arroyave's motion to compel appraisal (Doc. 15) is **denied**.[2] The Hurricane Ian Scheduling Order's automatic toll of the deadlines (Doc. 8 at 2) is lifted. The parties' exchange of automatic discovery is due February 22, 2024. (Doc. 8).

**ORDERED** on January 29, 2024

_____

NICHOLAS P. MIZELL

United States Magistrate Judge

---

[2] First Community also argues Arroyave is not entitled to appraisal because she failed to comply with certain conditions precedent. This order need not and does not reach this issue.